IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD B. BIZZARO et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN TITLE COMPANY, LLC, dba FIRST AMERICAN TITLE INSURANCE AGENCY, LLC,<br><br>    Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:15-cv-00320-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |
| And related counterclaims, third-party claims and crossclaim | |

## INTRODUCTION

This case was referred to the court pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 49.) This matter involves an alleged error made during a real estate transaction that resulted in the inadvertent repayment of a loan secured by certain property in California, rather than a loan secured by certain property in Park City, Utah.[1] (*See* ECF No. 48.) Third-Party and Crossclaim Defendant Wells Fargo ("Wells Fargo") filed a motion for protective order seeking to strike topic 9 of Defendant First American Title Company's ("First American") notice of designee deposition, and to modify topics 1–2 and 4–7. (*Id.*) Wells Fargo argues that topic 9 is irrelevant, and the remaining topics are vague, unduly burdensome, disproportionate, and lacking in reasonable specificity as presently framed. (*Id.*) The motion is now fully briefed. (*See id.*; ECF Nos. 52, 55.) First American requested oral argument to the extent helpful to the court. (ECF No.

---

[1] Wells Fargo was the lender for both the California and the Park City loans. (ECF No. 48.)

52.) The court does not find good cause for oral argument. *See* D.U. Civ. R. 7-1(f). For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Wells Fargo's "Motion for Protective Order Limiting Scope of Deposition under Rule 30(b)(6)." (ECF No. 48.)

## ANALYSIS

### I. WELLS FARGO'S MOTION FOR PROTECTIVE ORDER

The framework for Rule 30(b)(6) deposition notices is necessarily a flexible one. The court must "ensure that both sides are adhering to [Rule 30]'s objective of fair access to corporate information and, at the same time . . . guard against overreaching by the party seeking discovery and failure of the corporate party to satisfy its obligations under the rule." Persons Subject to Examination—Corporations and Other Organizations, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.). A proper notice must specify the areas of inquiry with "reasonable particularity." Fed. R. Civ. P. 30(b)(6). While the court has an obligation to allow discovery of relevant and proportional information, it must also limit discovery in certain circumstances. *See* Fed. R. Civ. P. 26(b). With these guidelines in mind, the court turns to the specific topics in this case.

#### a. Topic 9 seeks relevant information

Topic 9 seeks:

> 9.   Wells Fargo's reasons for declining, failing and/or refusing to reinstate its loan on the California Property (Loan No. 0074460965) after discovering that such loan was paid off on or about February 14, 2014.

(ECF No. 48, Ex. 1.)

Wells Fargo suggests that this topic is not relevant because Plaintiffs Richard B. Bizzaro and Wendy G. Bizzaro ("Plaintiffs") have not alleged they requested reinstatement of the California loan or that Wells Fargo refused to reinstate that loan. Wells Fargo argues it was not required to reinstate the loan or "cure First American's mistake." (ECF No. 48 at 4.) First American argues that this matter is relevant because First American asserts a claim for equitable reinstatement of

the loan on the California Property. (ECF No. 52.) First American also argues that this information is relevant to a conversation that one of its employees had with Wells Fargo about the mistakenly-paid loan and whether Wells Fargo would agree to substitute collateral. (*Id.*)

Wells Fargo has not shown good cause for a protective order here. Wells Fargo's relevance argument is somewhat surprising in the context of this case. Here, Plaintiffs allege that a Wells Fargo loan was erroneously paid off when a second Wells Fargo loan should have been paid. First American intends to present evidence that it contacted Wells Fargo and asked them to remedy this situation. (ECF No. 52 at 3.) Topic 9 simply seeks information about Wells Fargo's motives for not reinstating the loan when the error was brought to Wells Fargo's attention. Thus, this information appears facially relevant to this case. It provides important context for the events that led to this lawsuit, even in the absence of a related claim.

In addition to context, the information is directly relevant to First American's equitable reinstatement claim. A court has substantial discretion to determine equitable claims. *Koch v. Koch*, 903 F.2d 1333, 1336 (10th Cir. 1990). Wells Fargo points to no authority that suggests the court would abuse that discretion by considering Wells Fargo's motives. Thus, the court does not find that Wells Fargo's motives for non-reinstatement of the loan are irrelevant to this inquiry.

Wells Fargo also makes a number of arguments that the equitable reinstatement claim is flawed, yet Wells Fargo has not moved for summary judgment on this claim. Wells Fargo has not convinced the court that this claim is as futile as Wells Fargo suggests. For example, the Eleventh Circuit case that Wells Fargo cites considered whether a reinstated loan should have been given priority over a certain tax lien. *See In re Haas*, 31 F.3d 1081, 1092 (11th Cir. 1994). Wells Fargo does not suggest a tax lien is at issue here. This case provides little guidance under the present circumstances. Likewise, the Utah case cited by Wells Fargo denied equitable

reinstatement of a loan where the party requesting reinstatement committed negligence. *See First Nat. Bank of Layton v. Palmer*, 362 P.3d 904, 907–08 (Utah Ct. App. 2013).[2] Wells Fargo has not shown that First American was negligent here. While Wells Fargo alleges it; this allegation does not make it so. Accordingly, Wells Fargo's motion for protective order will be denied as it relates to topic 9 because Wells Fargo has not shown the information sought is irrelevant.

### b. Topics 1 and 2

Topics 1 and 2 seek:

> 1.      Wells Fargo's communication or provision of any or all of the following loan numbers to any or all of [Plaintiffs], Kyria Cropper, Kelly Miller, First American, Shane Herbert, Whitney Olch, and/or anyone purporting to act for or on behalf of any of them during the period from July 1, 2013 through February 28, 2014: [account numbers related to loans at issue in this case].
>
> 2.      Communications during the period from July 1, 2013 through the present between Wells Fargo and [Plaintiffs] (or anyone purporting to act for them or on their behalf) concerning First American, the real property located at 5304 Mountain Meadow Lane, Park City, Utah (the "Park City Property"), the real property located at 20700 Northridge Road, Chatsworth, California (the "California Property") and/or any one or more of the loans [at issue in this case].

(*See* ECF No. 48, Ex. 1.)

Wells Fargo states that First American did not "identify . . . the 'communications' that it seeks to examine under Topics No. 1 and 2." (ECF No. 48 at 5.) First American argues that this provides no meaningful basis for Wells Fargo's request for a protective order on topics 1 and 2. (ECF No. 52.) Wells Fargo responds in its reply that these topics are "cumulative of the evidence already produced in this case." (ECF No. 55 at 4.) Wells Fargo specifically argues the information is cumulative of Wells Fargo's prior interrogatory response. (*Id.*)

---

[2] Wells Fargo also cites this case to support the proposition that First American lacks standing to bring an equitable reinstatement claim, but the case does not appear to consider a standing issue.

The court is unpersuaded by Wells Fargo's arguments. First, as First American correctly notes, Wells Fargo only made a meaningful argument regarding these two topics in its reply. The single statement that First American did not identify communications is insufficient to apprise the parties or the court of the basis of Wells Fargo's objection. To the extent Wells Fargo suggests the topics lack the requisite particularity, the court disagrees. The notice provides specific participants, timeframe, and the subject of communications that First American seeks.

Second, the interrogatory to which Wells Fargo previously responded is not identical to the deposition topics. Moreover, it is insufficient to show the requests are identical or cumulative; Wells Fargo must demonstrate the requests are "unreasonably cumulative." Fed. R. Civ. P. 26(b)(2)(C)(i). Even if the requests were identical, it is not always unreasonable to allow both interrogatories and a designee deposition regarding the same subject matter. *See Salt Lake City Corp. v. ERM-W., Inc.*, No. 11-1174, 2014 WL 6386802, at *3 (D. Utah Nov. 14, 2014).

Notwithstanding the above, the court is not insensitive to Wells Fargo's concerns here. Topics 1 and 2 are not overly-burdensome on their face; however, the manner and scope of First American's inquiry could create problems. First American is entitled to learn Wells Fargo's position on these issues and attempt to resolve any apparent discrepancies amongst employee witnesses who testified about these matters. Nonetheless, given that these employees have already provided testimony regarding these issues, First American's inquiry will likely be short and Wells Fargo's answers may, in large part, simply reference prior testimony. If, as Wells Fargo suggests, it has no knowledge of any additional communications, this inquiry will likely be short. Nonetheless, Wells Fargo should be prepared to explain discrepancies with the prior witnesses' testimony. On the other hand, First American should not seek to create discrepancies by forcing Wells Fargo's witness to engage in a memory test regarding prior testimony.

### c. Topics 4, 5, 6, and 7 are not described with reasonable particularity

Topics 4, 5, 6, and 7 seek:

    4.     The allegations set forth in the Bizzaros' Amended Complaint in the above-captioned action.

    5.     The allegations set forth in First American's Answer, Counterclaim and Third-Party Complaint in the above-captioned action.

    6.     The defenses asserted by Wells Fargo in connection with the above-referenced action.

    7.     The documents produced by Wells Fargo in connection with the above-captioned action.

Wells Fargo is entitled to a protective order requiring First American to modify these topics. Under Rule 30, a noticing party must describe topics for a corporate designee's deposition with "reasonable particularity." Fed R. Civ. P. 30(b)(6). "When the notice is overbroad, the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible." *Lipari v. U.S. Bancorp, N.A*, No. 07-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008).

Topics 4, 5, 6, and 7 are completely lacking in particularity. The proposed topics appear to require Wells Fargo to prepare a designee witness to testify about every aspect of nearly all claims made in this lawsuit and discuss every document Wells Fargo produced. While breadth might not by itself pose a particularity problem,[3] First American has provided no meaningful guidance for Wells Fargo to use as it attempts to prepare its designee.

First American faults Wells Fargo for failing "to explain how or why such preparation would be unduly challenging." (ECF No. 52.) The court is sympathetic to Wells Fargo's lack of specificity. These topics are facially overbroad. Wells Fargo cannot reasonably be expected to

---

[3] Given the court's conclusion that these topics are not set forth with reasonable particularity, the court will not address Wells Fargo's argument that they are disproportionate under Rule 26.

prepare a designee to discuss every possible question that falls under these broad topics because these four topics appear to encompass nearly every matter relevant to this case. While ordinarily the court would be willing to interpret these topics in light of some limiting principle, First American offers none. Thus, Wells Fargo is excused from preparing a witness on topics 4, 5, 6, and 7 as currently drafted in the Amended Notice of Rule 30(b)(6) Deposition of Wells Fargo Bank, NA. (*See* ECF No. 48, Ex. 1.)

## ORDER

Based on the foregoing, the court:

**GRANTS IN PART AND DENIES IN PART** Wells Fargo's "Motion for Protective Order Limiting Scope of Deposition under Rule 30(b)(6)." (ECF No. 48.) Wells Fargo is excused from preparing a witness to testify about topics 4, 5, 6, and 7 as presently drafted. The remaining requests in the motion are denied.

IT IS SO ORDERED.

Dated this 19th day of May, 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge